IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOLLY CRISTEN ELLIS and
JEREMY EDWARD ELLIS                                          PLAINTIFFS

v.                      No. 3:22-cv-64-DPM

STATE OF ARKANSAS;
ASA HUTCHINSON, Governor,
individually and in their official capacity;
KEITH CHRESTMAN, State Prosecutor,
individually and in their official capacity;
DOUG BRIMHALL, Prosecuting Attorney,
individually and in their official capacity;
ASHTEN MASSEY, Deputy/Officer,
individually and in their official capacity;
JORDON KENNEDY, Detective,
individually and in their official capacity;
D & H COMPANY; and
B NEAL BURNS PLLC                                            DEFENDANTS

ORDER

Holly and Jeremy Ellis bring many claims about how Arkansas officials and two companies have affected their family life. Some dispositive motions from various defendants are pending. Some mostly premature procedural and discovery-related motions are also pending. The deep issues—evaluating the sufficiency of the Ellises' complaint—are the important ones at this stage of the case. To clear the

way toward those deep issues, the Court will rule on the other motions now, with some guidance for the Ellises.

The Ellises' motion for disclosure, *Doc. 11*, is denied. The Court is not subject to discovery requests.

The Ellises' motion for joinder, *Doc. 21*, is denied as moot. Liberally construing the Ellises' *pro se* complaint, the Court has already determined that they are the plaintiffs in this case. *Erickson v. Pardus*, 551 U.S. 89, 94–95 (2007). This is reflected on the public docket.

The Ellises' motion for default judgment against Deputy Massey, *Doc. 22*, is denied. Deputy Massey quickly responded to the motion and has filed a motion to dismiss. The Court's preference is to rule on the merits. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783–84 (8th Cir. 1998).

The Ellises' motions, *Doc. 25 & 30*, are denied without prejudice. These motions are premature.

The Court understands that the Ellises are eager to pursue their claims. Discovery and motion practice are important tools for that purpose. But, filing many papers in a short time can often be a hindrance rather than a help. If the Ellises' complaint is sufficient to withstand the motions to dismiss, then they will be allowed discovery within the limits established by the Federal Rules of Civil Procedure. Until the Court decides that threshold question, however, it is best to leave well enough alone. The state defendants' motion to stay

discovery, *Doc. 50*, is therefore granted.  Discovery as to all parties is on hold until further notice from the Court.  And the Ellises' motion to compel discovery, *Doc. 59*, is denied without prejudice.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2022