IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOLLY CRISTEN ELLIS
JEREMY EDWARD ELLIS                                                PLAINTIFFS

v.                         No. 3:22-cv-64-DPM

STATE OF ARKANSAS;
ASA HUTCHINSON, Governor;
KEITH CHRESTMAN, Prosecutor;
DOUG BRIMHALL, Prosecutor;
ASHTEN MASSEY, Deputy/Officer;
JORDON KENNEDY, Detective;
D & H COMPANY; and
B. NEAL BURNS, PLLC                                                DEFENDANTS

ORDER

1.   Holly and Jeremy Ellis bring claims against Arkansas, the Governor, a state prosecutor, two law enforcement officers (one of whom is Holly's sister), Holly's former employer, and the lawyers who represent Holly's ex-husband and the mother of Jeremy's child in separate domestic relations disputes in state court.

2.   The Ellises represent themselves. Their complaint and the attached exhibits are detailed and voluminous. This is essentially what they allege, which the Court takes as true at this stage of the case. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

Holly was married to Matthew Davis. Their relationship began while Holly was a minor. Holly alleges that Davis abused her and that

Wendie Parnell, her mother, forced her to marry Davis to cover up the abuse.

Holly and Davis had two children before they divorced. Holly later married Jeremy Ellis, her husband and fellow plaintiff. In August of 2021, Holly and Jeremy told Officer Ashten Massey that Holly's daughter said that Davis had abused her. Officer Massey and Holly are sisters. They also reported the alleged abuse to the state's child abuse hotline. Officer Massey did not investigate these allegations or report them to the authorities. Rather, the Ellises allege, Officer Massey and others engaged in a conspiracy to protect Davis and Parnell. Specifically, the Ellises allege that:

- Officer Massey told Davis and Parnell about the accusation.

- In September of 2021, Davis, represented by Neil Burns, petitioned for an emergency change of custody over his two children with Holly. *Doc. 1 at 188-193.* Officer Massey allegedly provided Burns with an order of protection entered against Jeremy in favor of Samantha Street, an old partner, that Burns used in support of the petition. The Greene County Circuit Court entered an emergency Order giving Davis sole custody. *Doc. 1 at 196-197.* That Court rejected the Ellises' attempts to regain custody.

- In December of 2021, Street, represented by Doug Brimhall (who is also a part-time prosecutor as reflected in the case caption), petitioned for an emergency termination of Jeremy's visitation rights with their child. *Doc. 1 at 221-226.* Officer Massey and others assisted

-2-

> Brimhall in these efforts. The Craighead Country Circuit Court temporarily suspended Jeremy's visitation rights and ordered him to complete a psychological examination and anger management counseling. *Doc. 1 at 228-232.*

- Also in December, Holly was placed on a seventy-two-hour inpatient stay at the St. Bernard's emergency room for suicidal ideation. While she was in the hospital, Officer Massey visited the Ellises' home. Jeremy called the police. Detective Jordon Kennedy responded. Officer Massey asked Detective Kennedy to conduct a wellness check. After Detective Kennedy went inside, Jeremy told him that Holly had been admitted to St. Bernard's but that Officer Massey could not know her whereabouts. Despite Jeremy's admonition, Detective Kennedy told Officer Massey where Holly was. Officer Massey then shared Holly's location with (among others) Davis, Burns, Street, and Brimhall. Burns later subpoenaed Holly's medical records related to her hospitalization.

- The Ellises complained about Officer Massey to Keith Chrestman, a state prosecutor. He did not take action against Officer Massey, but rather assisted in the alleged conspiracy.

- Parnell is a manager with D & H Company. Holly worked at D & H for twelve years and the Ellises allege that Parnell coerced her to work at D & H for half of that time. They allege that Parnell participated in the conspiracy against them because Holly left the company in June 2021.

**3.** The Ellises bring many claims. Most are about the underlying custody and domestic relations cases that appear to remain pending in state court. They also allege disability discrimination: Holly is deaf; while Jeremy suffers from bipolar disorder and depression. All the defendants move to dismiss the claims against them.

**4.** Some initial narrowing is needed. First, every defendant has moved to dismiss the Ellises' complaint because the Ellises sued on behalf of their marriage instead of themselves. Liberally construing the complaint, the Court has already concluded that the Ellises are the plaintiffs in this case. *Doc. 62 at 2*.

Second, the Ellises have moved to dismiss their claims for damages against Governor Hutchinson, Chrestman, Brimhall, Massey, and Kennedy in their individual capacities. The Court construes the motion, *Doc. 80,* as a request to proceed only for injunctive relief and official-capacity damages against those defendants. This motion is granted.

Third, the official-capacity claims against Governor Hutchinson, Chrestman, and Brimhall duplicate the claims against the State of Arkansas. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). Those official-capacity claims are unnecessary and will be dismissed without prejudice. The Court will evaluate the State's liability, if any, on a claim-by-claim basis.

Last, Officer Massey seeks dismissal of the Ellises' claims against her in her official capacity as a Deputy for the Greene County Sherriff's Department because she began working for the department after the events described in the complaint. Officer Massey's employment records are not the type of public records that this Court may consider on a Rule 12(b)(6) motion. *McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 788 (8th Cir. 2007); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Ellises, however, agree that Officer Massey was not employed by Greene County during the relevant time period. *Doc. 38*. The claims against Officer Massey in her official capacity as a Greene County Sheriff's Deputy will be dismissed without prejudice.

5. The Ellises bring many claims under the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 against all of the defendants. At this stage of the case, the Court will assume that the Ellises' alleged disabilities are covered under these statutes.

*Title I of the ADA.* The Ellises do not allege that they were employed by the State of Arkansas, Governor Hutchinson, Chrestman, Brimhall, Massey, Kennedy, or B. Neal Burns, PLLC. The claims brought under Title I of the ADA against those defendants will therefore be dismissed without prejudice. 42 U.S.C. § 12112(a). Jeremy does not allege that he was employed by D & H Company, so his Title I claim against the company will be dismissed without prejudice as well. *Ibid.* And Holly's Title I claim against D & H

Company will be dismissed without prejudice because she has not alleged that she suffered any adverse employment action because of her deafness. *E.E.O.C. v. Product Fabricators, Inc.*, 763 F.3d 963, 969 (8th Cir. 2014).

*Rehabilitation Act / Title II of the ADA.* The Rehabilitation Act and Title II of the ADA do not create individual liability, so the individual-capacity claims brought under those statutes against Governor Hutchinson, Chrestman, Brimhall, Massey, and Kennedy will be dismissed with prejudice. *Durand v. Fairview Health Services*, 902 F.3d 836, 841 (8th Cir. 2018); *Damron v. North Dakota Commissioner of Corrections*, 299 F.Supp.2d 970, 979 (D.N.D. 2004), *aff'd*, 127 Fed. App'x 909 (8th Cir. 2005) (unpublished *per curiam*). The claims against D & H Company and B. Neal Burns, PLLC, will be dismissed without prejudice because those companies are not public entities. *O'Connor v. Metro Ride, Inc.*, 87 F. Supp. 2d 894, 900 (D. Minn. 2000).

The Rehabilitation Act and Title II official-capacity claims against Massey and Kennedy, and the claims against the State, will be dismissed without prejudice because the Ellises have not plausibly alleged that the officers' or state officials' actions were taken on the basis of, or by reason of, their alleged disabilities. *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 983 (8th Cir. 2013). The Ellises say that they were denied access to child protective services because of their alleged disabilities. *Doc. 1 at ¶ 137.* They have not alleged, however, that any of

the defendants are responsible for administering child protective services. Even if they had, the Court is doubtful that the Ellises, as opposed to their children, would have been qualified to receive services from the Arkansas Department of Human Services. 42 U.S.C. § 12131(2). And the Department's duty to protect children only runs to those in its care and custody. *Terry B. v. Gilkey*, 229 F.3d 680, 682 (8th Cir. 2000).

*Title III of the ADA.* The State of Arkansas, Governor Hutchinson, Chrestman, Brimhall, Massey, and Kennedy are not private entities, so the claims against them under Title III of the ADA will be dismissed with prejudice. *Koester v. Young Men's Christian Association of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017). And the Ellises have not alleged that D & H Company or B. Neal Burns, PLLC, failed to reasonably accommodate their alleged disabilities. *Ibid.* The Title III claims against those companies will therefore be dismissed without prejudice.

*Title V of the ADA.* The Ellises' claims under Title V\* of the ADA will be dismissed without prejudice because they have not plausibly alleged that they engaged in any activity protected by the ADA. 42 U.S.C. § 12203(b); *Frakes v. Peoria School District No. 150*, 872 F.3d 545, 550–51 (7th Cir. 2017).

---

\* The Ellises' complaint incorrectly refers to 42 U.S.C. § 12203(b) as Title IV. The Court does not construe the complaint to raise any Title IV issues. The anti-interference provisions of the ADA are in Title V.

**6.** The Ellises have failed to state a claim against any of the defendants for conspiracy under 42 U.S.C. § 1985(2) & (3). Those subsections bar four broad classes of conspiratorial activity, only two of which are relevant here: § 1985(2)'s prohibition against interfering with the administration of justice in state court; and § 1985(3)'s prohibition against interference with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws." 42 U.S.C. § 1985(2) & (3); *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Both subsections require a meeting of the minds between or among the defendants, or between or among the defendants and another person. *Kelly v. City of Omaha*, 813 F.3d 1070, 1077–78 (8th Cir. 2016). The Ellises "must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Ibid.* (internal quotations omitted). They have not done so. The Ellises' § 1985 claims will therefore be dismissed without prejudice.

**7.** The Ellises press claims under § 1983 for violations of their rights under the First and Fourteenth Amendments.

The State is immune from suit under § 1983; the claims against it will therefore be dismissed with prejudice. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

The Ellises do not allege that Governor Hutchinson was personally involved in the events described in their complaint, so the

claims against him in his individual capacity will be dismissed without prejudice. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Heartland Academy Community Church v. Waddle*, 595 F.3d 798, 806 (8th Cir. 2010).

The official-capacity claims for money damages against Chrestman and Brimhall are barred by sovereign immunity. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). Those claims will therefore be dismissed with prejudice.

D & H Company and B. Neal Burns, PLLC, are not state actors, and the Ellises do not allege that the companies acted under color of state law. *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). The claims against those companies will therefore be dismissed without prejudice.

The Ellises do not clearly raise any claims under the First Amendment. The Court's obligation to read the complaint as a whole, and to construe it liberally, does not require finding claims where none are adequately made. *Warmington v. Board of Regents of University of Minnesota*, 998 F.3d 789, 795–96 (8th Cir. 2021). The Ellises say that they reported Holly's sexual abuse and the abuse of her daughter. That is protected activity. Their complaint, however, does not give rise to a plausible inference that any of the defendants acted against the Ellises out of retaliatory animus because of that activity. *Mitchell v. Kirchmeier*, 28 F.4th 888, 896–98 (8th Cir. 2022). Their First Amendment § 1983 claims will therefore be dismissed without prejudice.

The Court abstains from considering the merits of the Ellises' equal protection and due process claims. *Younger v. Harris*, 401 U.S. 37, 44–45 (1971). The Court construes those claims as related to the ongoing custody disputes in state court, which involve important state interests and in which the Ellises have had the opportunity to raise — and have raised — their constitutional claims. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). The Ellises request that this Court either stay those state proceedings or overturn the decisions made by the state courts in at least three matters that were open when they filed this case — *Davis v. Davis*, No. 28DR-16-267 (Cir. Ct. Greene Cty.); *Ellis v. Street*, No. 16JDR-14-3 (Cir. Ct. Craighead Cty.); and *Ellis v. Davis*, No. 16JCV-22-2 (Cir. Ct. Craighead Cty.). Under the principles set out in *Younger* and *Tony Alamo Christian Ministries*, the Court declines to do so.

On 10 August 2022, the Circuit Court of Greene County, Arkansas entered a final order placing full custody of Holly's children in Davis. *Davis v. Davis*, 28DR-16-267 (Cir. Ct. Greene Cty. 10 Aug. 2022). In addition to the Court's obligation to abstain from interfering in that case, this Court does not have the power to second guess the state court's judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). This Court does not have jurisdiction to oversee state court proceedings.

The Ellises' equal protection and due process claims will therefore be dismissed without prejudice.

8. The Ellises' motion, *Doc. 83*, to add the Craighead County Sheriff's Office as a defendant is denied because that entity cannot be sued. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished *per curiam*).

9. The remaining claims are all state law matters over which the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016–17 (8th Cir. 2015).

\* \* \*

The Ellises' motion, *Doc. 80*, is granted. Their motion to add the Craighead County Sheriff's Office as a defendant, *Doc. 83*, is denied. The defendants' motions, *Doc. 36, 44, 46, 48, 55 & 63*, are all granted as specified in this Order. The Ellises' motions, *Doc. 77, 78, 79, 82, & 84*, are denied as moot. Judgment will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 December 2022